**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| RUTH PECKINPAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 18-CV-00645 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MCDONALD'S CORPORATION | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Ruth Peckinpaugh, for her Complaint against Defendant McDonald's Corporation, states as follows:

**The Parties**

1.   Plaintiff Ruth Peckinpaugh is a citizen of the State of Missouri, residing in St. Louis, Missouri.

2.   Defendant McDonald's Corporation is an Illinois corporation, having its principal place of business in Illinois at 2111 McDonald's Plaza, Oak Brook, IL 60523.

**Nature of the Action**

3.   Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); the Age Discrimination in Employment Act (ADEA); and the Missouri Human Rights Act ("MHRA"), to remedy the illegal and discriminatory adverse employment actions taken by Defendant against Plaintiff in which Defendant created, maintained, and subjected Plaintiff to a hostile and discriminatory work environment, wherein which she was repeatedly harassed and intimidated over the course of several years, by several of Defendant's agents, including Plaintiff's direct and indirect supervisors.  Within and as part of the hostile work environment discrimination that

Plaintiff suffered, Plaintiff was discriminated against for her age and sex, and ultimately was terminated from her employment due to the same.

**4.   As such, Defendant's actions invariably constitute an ongoing pattern and practice of discrimination, as part of hostile work environment discrimination, rather than merely separate, discrete acts of discrimination; to the extent separate and discrete acts are delineated herein, they serve only as specific examples of the ongoing hostile work environment harassment.**

### Jurisdiction and Venue

5.   This Court has original, federal question jurisdiction over Plaintiff's Title VII and Age Discrimination in Employment Act (ADEA) claims pursuant to 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over Plaintiff's MHRA claims pursuant to 28 U.S.C. § 1367(a).

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this judicial district. In addition, Plaintiff resides in this judicial district.

7.   Plaintiff brings her federal and state statutory claims on a timely basis pursuant to the procedural requirements of the Equal Employment Opportunity Commission (the "EEOC") in that on January 24, 2018, the U.S. Equal Employment Opportunity Commission ("EEOC") issued to Plaintiff its Notice of Right to Sue (the "Notice"), permitting Plaintiff to file a civil action based on the grievances Plaintiff raised in her EEOC Charge No. 560-2018-00794 ("Charge 560"). A copy of Charge 560 is attached hereto as **Exhibit A**.

### Facts

8.   Plaintiff was hired in October 1989 at the Pacific, Missouri, McDonald's location at 1620 W. Union St., Pacific, MO 63069.

2

9.   At all times relevant to this lawsuit, Plaintiff was over 60 years of age and, obviously, a female.

10.  Immediately after her hire, Plaintiff worked as much as she could in order to make enough money to care for her sick mother and, for nearly three decades after that, Plaintiff developed and maintained a friendly working relationship with McDonald's staff without receiving any individualized disciplinary action.

11.   In approximately 2014, Mary Forsee, a former employee of the Eureka McDonald's franchise, was hired by Defendant; Forsee became the Manager of the Pacific location, and in that role was Plaintiff's supervisor and manager.

### *Plaintiff's Harassment from Manager Mary Forsee*

12.  After only a few weeks, Plaintiff noticed that Forsee seemed to have a disdain for Plaintiff.

13.  Thereafter, until Plaintiff was terminated, Forsee and others mistreated and discriminated against Plaintiff due to her age and her sex.

14.  All of the treatment described below was never directed by Forsee or other managers against similarly-situated younger male employees; it was clear throughout the relevant time period that Plaintiff was being targeted due to her sex and age (plaintiff is an elderly female).

15.  For instance, one day within the first few months of Forsee's employment, Forsee called Plaintiff into her office, scorned Plaintiff, and said, "I'd have fired you a long time ago;" there was no apparent reason for that statement other than Forsee's other indications and behavior that she felt Plaintiff was "too old" to be working at McDonald's.

16.  Following these statements, Forsee undertook a campaign that continued for years, whereby she continually and repeatedly blamed Plaintiff for countless and various problems occurring at the work-place, many of which were relatively trivial and for almost none of which Plaintiff was actually

3

responsible; as just one example, Plaintiff repeatedly was blamed for lettuce becoming spoiled because, due to the lack of organization in the refrigerator, the lettuce closest to its expiration date was not being used first; Plaintiff had nothing to do with packing or stocking lettuce and thus was not in any way culpable for this error.

17. Nonetheless, on countless occasions, due to the lettuce become spoiled, without any justification, Forsee threatened Plaintiff with "taking" her paycheck.

18. As another example of the otherwise relatively trivial situations that Forsee used to constantly harass and threaten Plaintiff, Forsee also blamed Plaintiff, continuously, for "wasting" strawberries, though Plaintiff also had nothing to do with this problem.

19. In the case of this example, Plaintiff from time to time noticed things like an entire box of strawberries sitting outside the refrigerator; knowing that letting this box sit out could potentially lead to spoil, Plaintiff placed the box back into the refrigerator and told Forsee that she did so.

20. Forsee's demeanor implied and Plaintiff's other observations confirmed, that Forsee purposefully left the strawberries out in order to "catch" Plaintiff wasting food.

21. In other words, as was the case with the strawberries and the "spoiled lettuce," Plaintiff discovered over time that Forsee was purposely creating these issues specifically to harangue Plaintiff about the same.

22. While seemingly minor in and of themselves, these sort of problems persisted and continued on an almost daily basis, creating a situation where Forsee was near-constantly threatening Plaintiff's employment over these issues; almost every day, and at least multiple times per week, some similar issue was "discovered" by Forsee and used as a basis to threaten Plaintiff's employment.

23. No other younger or male employee was treated in this manner by Forsee.

4

24.  Despite these encounters, Plaintiff never talked back to Forsee, always arrived to work on time, and even stayed later than scheduled in order to help when staffing was not sufficient.

25.  Even when Plaintiff was receiving radiation over three months for breast cancer, Plaintiff never failed to timely arrive for her scheduled shifts.

### Plaintiff's Harassment from Other Employees

26.  Defendant also failed to maintain a safe work environment for Plaintiff, and specifically ignored Plaintiff's pleas for protection when she was being sexually harassed by other employees.

27.  In addition to Forsee's constant focus on creating minor workplace problems and then chastising Plaintiff for them, behavior seemingly designed to force Plaintiff to quit and/or to create a basis for Forsee to fire Plaintiff, Forsee and other managers completely ignored egregious age and sexual harassment toward Plaintiff by Plaintiff's other co-workers.

28.  Over one several-month period, for instance, Plaintiff was sexually harassed by another co-worker in multiple, disturbing and frightening ways.

29.  As just one example, on one occasion, Plaintiff was rolling burritos when "Dustin," a colleague of Plaintiff's (whose last name is unknown), needed to get burritos for a customer.

30.  Plaintiff pointed to the location where Dustin could find fresh burritos in the walk-in freezer.

31.  In response to this, for seemingly no reason at all, Dustin pulled out a switchblade, lifted it to the side of Plaintiff's face, and asserted, "I'll kill you real low," indicating that he was referring to stabbing Plaintiff in her groin or buttocks.

32.  Dustin repeatedly made similar extremely egregious and frightening threats to Plaintiff several times throughout Plaintiff's employment with Dustin, over a period of time covering at least several months.

33.  Dustin also frequently called Plaintiff a "bitch" and a "whore," often shouting orders to Plaintiff using these terms by exclaiming, *inter alia*, "Hey, bitch.  Get me the biscuits."

34.  Plaintiff reported this outrageous conduct by Dustin to one of the shift managers, "Kim."

35.  Kim failed to take any action whatsoever, allowing Dustin to continue to work at McDonald's alongside Plaintiff and to continue sexually harassing her in ever-frightening ways.

36.  No manager, including Forsee, ever took any action regarding Dustin to protect Plaintiff, despite being fully aware of his sexually-charged, abusive harassment of Plaintiff.

### Plaintiff is Wrongfully Fired

37.  Plaintiff endured the hostile work environment described above for three years after Forsee was hired until her termination in August of 2017.

38.  The circumstances surrounding her termination reflected, and were part of, the ongoing hostile work environment age and sexually harassment Plaintiff suffered throughout that period.

39.  Plaintiff was approved for taking a Saturday off, August 5, 2017; Plaintiff had not previously requested a Saturday off in approximately a year.

40.  Plaintiff also did not work on August 6, 2017, so that she could attend weekly mass.

41.  On Monday, August 7, 2017, Plaintiff arrived on time for her shift and began rolling burritos.

42.  After asserting to Plaintiff, "I'm going to fire you today," Forsee did what had become characteristic of her at that point – blamed Plaintiff for a seemingly minor problem that either Forsee or some other employee was actually responsible for.

43.  In this instance, Forsee complained to Plaintiff that a broom was not in the right place, asserting it was Plaintiff's fault, even though Plaintiff had just arrived a few moments earlier.

44.  Plaintiff, though not responsible for where another employee left the broom, picked up the

6

broom anyway and placed it where it was supposed to go.

45.  Forsee nevertheless continually asserted, "I'm going to fire you today.  I'm going to get to fire you."

46.  That day, on August 7, 2017, Plaintiff was terminated by Forsee, the crescendo of Defendant's ongoing pattern and practice of sex and age discrimination.

47.  No other employee, in the three years since Forsee was hired, was fired for similar reasoning.

48.  No other similarly-situated male or younger employee was targeted by the same sort of constant, ongoing harassment by which Forsee and other management targeted Plaintiff.

49.  No other similarly-situated male or younger employee was subjected to the hostile work environment to which Plaintiff was subjected during the period of time commencing with Forsee's hiring and ending when Plaintiff was terminated.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §623

50.  Plaintiff incorporates all preceding paragraphs as if set forth herein.

51.  At all times material hereto, Plaintiff was a female over the age of 40, thus placing the Plaintiff in a protected class under the Age Discrimination in Employment Act (ADEA).

52.  As evinced by her nearly three decades of employment in which she never received any individualized disciplinary action, Plaintiff was able to meet all applicable job qualifications.

53.  On August 7, 2017, Plaintiff was terminated from employment with Defendant without good cause.

54.  In addition to all of those circumstances described above, Defendant additionally discriminated against Plaintiff when *inter alia* its agents continually harassed and degraded Plaintiff, especially allowing

younger, male colleagues to do so without any kind of disciplinary action.

55. Plaintiff is informed and believes that Plaintiff's age was a substantial factor, if not the motivating factor, in Defendant's ongoing mistreatment of Plaintiff and Defendant's termination of Plaintiff's employment.

56. As a direct result of Defendant's unlawful discrimination, Plaintiff has suffered pecuniary and emotional damage in the form of lost wages and benefits of employment.

57. As a direct result of Defendant's unlawful discrimination, Plaintiff has suffered emotional damage, mental anguish, and financial hardship.

58. Defendant's conduct as aforesaid was outrageous and the result of an evil motive or reckless indifference to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the Defendant to deter Defendant and others from engaging in future similar conduct.

WHEREFORE, Plaintiff requests that this Court enter its judgment in favor of Plaintiff and against the Defendant as follows:

   a. that Plaintiff have and recover compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; and

   b. that the Court award Plaintiff such other and further relief as the Court deems just and necessary in order to make Plaintiff whole.

## COUNT II: SEX AND AGE DISCRIMINATION
## IN VIOLATION OF TITLE VII AND THE MISSOURI HUMAN RIGHTS ACT

59. Plaintiff incorporates all preceding paragraphs as if set forth herein.

60. Throughout the period of time that she suffered hostile work environment sex and age

harassment and discrimination at the hands of Defendant, and at the time of Plaintiff's discharge from employment, Plaintiff had more seniority and better performance than various male and younger employees that Defendant retained and did not treat in discriminatory fashion.

61. The Plaintiff's sex (female) and age were substantial factors, if not the motivating factors, in the last act constituting the hostile work environment to which Plaintiff was subjected, Defendant's decision to terminate Plaintiff from employment and to retain various younger, male members of Defendant's employment in the same or similar positions with less seniority and lesser performance, in violation of Title VII of the Civil Rights Act of 1964, and the Missouri Human Rights Act, §213.055.1 RSMo.

62. In addition, the Plaintiff's sex (female) and age were substantial factors, if not the motivating factors, in Defendant's ongoing hostile work environment discrimination against Plaintiff which included, *inter alia,* Defendant's willful disregard of the continual harassment and degradation by younger, male colleagues, all in violation of Title VII of the Civil Rights Act of 1964, and the Missouri Human Rights Act, §213.055.1 RSMo.

63. The Defendant's discriminatory actions violated 42 U.S.C. §§ 1981 and 2000e *et seq.*, ("Title VII").

64. At all times pertinent to this matter, Defendant employed and employs over 250 individuals.

65. As such, Defendant constitutes an "employer" under Title VII.

66. Plaintiff, as a female (and also due to her age) is in a protected class under Title VII.

67. Defendant, through its employees and agents, sexually discriminated, and discriminated due to her age, against Plaintiff when Defendant subjected her to the hostile work environment described supra, culminating with Plaintiff's termination of employment.

9

68.  Defendant did so knowingly and with a discriminatory motive, and with malice and/or reckless indifference to Plaintiff's rights.

69.  As a direct result of Defendant's discrimination, Plaintiff has suffered pecuniary and emotional damage.

70.  At all times pertinent to this matter, Defendant employed over 6 individuals for 20 calendar weeks preceding this violation.  Accordingly, Defendant constitutes an "employer" under the MHRA.

71.  As a result of Defendant's unlawful discriminatory conduct towards the Plaintiff as aforesaid, Plaintiff has and will continue to sustain damages in the form of lost wages and benefits of employment.

72.  As a result of Defendant's unlawful and discriminatory conduct and actions as aforesaid, Plaintiff has suffered emotional distress and mental anguish.

73.  Defendant's conduct as aforesaid was outrageous and the result of evil motive or reckless indifference to the rights of Plaintiff, thus entitling her to an award of punitive damages against Defendant to deter Defendant and others from engaging in future similar conduct.

WHEREFORE, Plaintiff requests that this Court enter its judgment in favor of Plaintiff and against the Defendant as follows:

a.  that Plaintiff have and recover compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

b.  that Plaintiff have and recover her reasonable attorney fees pursuant to MHRA provisions; and

c.  that Plaintiff have and recover her reasonable attorney fees pursuant to Title VII

provisions; and

d.  that the Court award Plaintiff punitive damages; and

e.  that the Court award such other and further relief as the Court deems just and

necessary.

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ *Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

11